## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Jimmie McNeely
t/a Ford Motor Lodge Restaurant
(Lic. # 009708 - Wine & Beer On and Off)

November 12, 1974

By JUDGE ALEX H. SANDS, JR.

This is an appeal from an order of the Virginia Alcoholic Beverage Control Board, entered July 18, 1974, suspending petitioner's license to sell wine and beer for a period of fifteen days, and placing him upon probation.

The sole issue upon appeal is whether the order entered by the Board constituted an arbitrary and capricious abuse of discretion because of the insufficiency of the evidence to support the Board's ruling.

The matter for determination upon this appeal is not whether this court believes from the evidence that the occasion in question was or was not a "private party" in contemplation of Virginia Code § 4-2[20], but rather whether, from the evidence, the Board had reasonable cause to believe that the affair in question was not a "private party" in contemplation of such section. See Code § 4-37.

Petitioner, Jimmie McNeely, owns and operates an establishment known as Ford Motor Lodge Restaurant (operated in conjunction with a motel facility) located at Seven Mile Ford, Smyth County, Virginia. He had operated this, or similar establishments, for some fifteen years, and it is conceded that his past record insofar as compliance with ABC restrictions is concerned, has been excellent, as has his reputation in the community as a law-abiding citizen.

The restaurant facility has several dining rooms, and there is ample evidence that in addition to conducting

a restaurant business open to the public, though by reservation only, petitioner also caters to private parties conducted on his premises. He holds an ABC license permitting the sale and consumption on and off premises of wine and beer but is prohibited from keeping or allowing to be kept or used on the premises alcoholic beverages which he is not permitted to sell under his license. An exception existed, of course, where a private party was involved.

In November, 1973, according to petitioner, he was contacted by a Mr. Harold Hilt who desired reservations for a private Christmas party to be held for a group of persons connected with Sunoco. Hilt desired the entertainment at this function to feature a group called the "Compton Brothers." Being unable to book the Compton Brothers for December, the party was set up for February 9, 1974. According to petitioner, he had 100 brochures and 100 tickets printed up for the occasion of which he mailed out only five and gave forty to Hilt. He stated that these were all that were printed. According to Mr. Love, representative of the ABC Board, Hilt stated to him that he had had 50 brochures and 100 tickets printed up by a friend. Both petitioner and Hilt testified that this was a "private" party. Hilt rented the entire restaurant facility for the party, except for the front section where beer and wine could be sold, and petitioner took no reservations for that evening and served no one except those attending the Hilt party. Hilt paid petitioner $140 for use of the room and $700 cash for the entertainment. It is conceded that alcoholic beverages other than wine and beer were consumed at the party.

As to the people who made up the attendance, the undisputed evidence is that with the exception of five persons who petitioner invited and for whom he paid for "out of his pocket," the remainder of the sixty or sixty-four persons present were made up of guests of Hilt's whose admissions he paid and other persons invited by friends of Hilt's who paid their own admission at $12.00 per couple. There is no evidence that any person attending was not either an employee of Sunoco or a friend of an employee.

One of the strongest points supporting petitioner's contention that this was a "private" as opposed to a "public" affair is that while the undisputed evidence

is that on many occasions (and it would be assumed participants on Saturday nights) petitioner's establishment was full and that accommodations could be had by reservation only, that only a handful of people, comparatively speaking, were present on this occasion, though the entertainment was of top billing calibre.

It is the Board's position, however, that this party was a sham covering what was really a public affair. The Board relies primarily upon the following physical evidence.

1. There was the unexplained presence of a police officer at the door, a customary procedure at a public but not at a private affair.

2. The fact that the flyer announcing the affair was worded "Ford Motor Lodge *presents* The Compton Brothers, *Back by popular demand* Sat. Feb. 9, 1974, 9:00 P.M. till 1:00 A.M. Show & Dance - Sunoco Oil Company's Private Party."

3. That the sign at the entrance read: "Back Room Events . . . Sunoco Private Party Feb 9 The Famous Compton Bros. & Band are back - *No liquor allowed in back room this nite.*"

4. The sign on the cash register - "Pay for dance here - $12.00 per couple."

The strongest support for the Board's position is Hilt's admission that his "friends" were told to invite any and all persons they chose to invite at a price of $12.00 per couple.

There is little doubt that were any court hearing this as a law case the preponderance of evidence would be in favor of petitioner's position. As pointed out earlier, however, this is not the criterion by which this appeal must be decided. A court cannot substitute its judgment for that of the Board.

After a careful review of the evidence in this case, the court concludes that it cannot say that the action of the Board was arbitrary, capricious or without evidence to support it. In view of the evidence it cannot be held that the Board had no "reasonable cause to believe" that its regulations had not been violated by the procedure followed by petitioner.

The suspension imposed by the Board must, accordingly, stand.